**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

ARMEL RASHARD JOHNSON,

                            Plaintiff,                  3:17-cv-00859 (BKS/DEP)

v.

PAROLE OFFICER RICK HOYT; PAROLE OFFICER
PIKE; and PAROLE OFFICER VAUGHN,

                            Defendants.

---

**Appearances:**

Armel Rashard Johnson
Binghamton, NY 13904
*Plaintiff pro se*

Christopher J. Hummel
Assistant Attorney General
Barbara D. Underwood
Attorney General of the State of New York
The Capitol
Albany, NY 12224
*For Defendants*

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff pro se Armel Rashard Johnson brings this action under 42 U.S.C. § 1983, alleging that Defendants Hoyt, Pike, and Vaughn, who are New York State Department of Corrections and Community Supervision ("DOCCS") Parole Officers, violated his constitutional rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments during a June 5, 2017 incident at his residence in Binghamton, New York. (Dkt. No. 1, at 5–6). Presently before the Court is Defendants' motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure to

dismiss Plaintiff's claims under the Fifth, Eighth, Ninth, and Fourteenth Amendments.[1] (Dkt. No. 27-1). Despite receiving two extensions to respond to Defendants' motion, (*see* Dkt. Nos. 29, 31), Plaintiff has not done so. For the reasons discussed below, Defendants' motion is granted in part and denied in part.

**II.    FACTS[2]**

On June 5, 2017, Defendants "[e]ntered [Plaintiff's] place of residency . . . unlawfully by having in possession and using a key to the residence, which Plaintiff "had no knowledge of." (Dkt. No. 1, at 5). Defendants then "detained and held [Plaintiff] as a prisoner." (*Id.*). Defendants' allegedly unlawful entry and detention of Plaintiff "without explanation" caused Plaintiff "to have an anxiety attack while knowingly having knowledge of [his] mental health status." (*Id.* at 6).

**III.   STANDARD OF REVIEW**

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555).[3] A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in

---

[1] Defendants have not moved to dismiss Plaintiff's Fourth Amendment claim.

[2] All facts, which are taken from the Complaint and its exhibits, are assumed to be true for purposes of this motion. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

[3] Copies of the unpublished decisions cited herein will be mailed to Plaintiff in light of his pro se status.

the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Communs, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, a court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A complaint that has been filed pro se "must be construed liberally with 'special solicitude' and interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

**IV. DISCUSSION**

"Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993). The statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979)). As stated above, Defendants move to dismiss Plaintiff's claims alleged under the Fifth, Eighth, Ninth, and Fourteenth Amendments. The Court addresses each in turn below.

**A. Fifth Amendment**

The Fifth Amendment creates an "assortment of protections against government intrusions." *Maxineau v. City of New York*, No. 11-cv-2657, 2013 WL 3093912, at *5, 2013 U.S. Dist. LEXIS 85396, at *14 (E.D.N.Y. 2013). Even under a liberal reading of the Complaint, the only potentially discernible theory of liability under the Fifth Amendment is for a deprivation of liberty without due process. (*See* Dkt. No. 1, at 5–6). But the Fifth Amendment's Due Process

3

Clause only provides protection from "federal government actors, not State officials." *Mitchell v. Victoria Home*, 377 F. Supp. 2d 361, 372 (S.D.N.Y. 2005) (citing *Dusenbery v. United States*, 534 U.S. 161, 167 (2002)). Any due process rights plaintiff has with respect to state officials "arise solely from the Fourteenth Amendment due process clause." *Id.* Here, Defendants are all state parole officers. (Dkt. No. 1, at 1–2). Any claim based upon the Fifth Amendment due process clause must therefore be dismissed. *See Barea v. State Univ. of N.Y.*, No. 05-cv-1523, 2006 WL 1911602, at *4, 2006 U.S. Dist. LEXIS 46681, at *13 (N.D.N.Y. 2006) ("[Plaintiff] named no federal actors as defendants in this action. Accordingly, all claims premised on violations of [Plaintiff's] Fifth Amendment Due Process rights are dismissed.").

    **B.    Eighth Amendment**

The Eighth Amendment prohibits excessive bail, excessive fines, and cruel and unusual punishments. U.S. Const. amend. VIII. It does not provide for a cause of action "until after conviction and sentence." *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) (quoting *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989)). To establish cruel and unusual punishment, a plaintiff must prove: (1) that the defendant's actions were wanton "in light of the particular circumstances surrounding the challenged conduct"; and (2) that the wrongdoing violated the "contemporary standards of decency." *Cusamano v. Alexander*, 691 F.Supp.2d 312, 319–20 (N.D.N.Y. 2009) (quoting *Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009)). Here, Plaintiff challenges the entry into his residence and his arrest. Even if Plaintiff is a parolee protected by the Eighth Amendment, and even assuming that Defendants, knowing of his "mental health status," acted wantonly, there are no allegations plausibly alleging that Plaintiff was deprived of "the minimal civilized measure of life's necessities." *Singleton v. Doe*, 210 F. Supp. 3d 359, 365 n.9 (E.D.N.Y. 2016). Therefore, any claim based upon the Eighth Amendment must be dismissed.

### C. Ninth Amendment

The Ninth Amendment "is a rule of construction that does not give rise to individual rights." *Zorn v. Premiere Homes, Inc.*, 109 F. App'x 475, 475 (2d Cir. 2004); *Heyliger v. City of Binghamton Police Dep't*, No. 11-cv-1293, 2016 WL 1048999, at *15, 2016 U.S. Dist. LEXIS 31313, at *50 (N.D.N.Y. 2016) (stating that the Ninth Amendment "does not provide a basis for a cause of action"). Accordingly, any claim based upon the Ninth Amendment is dismissed.

### D. Fourteenth Amendment

In relevant part, the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. To establish a claim for violation of procedural due process, a plaintiff must allege "the deprivation of a constitutionally cognizable property or liberty interest," and then the Court must decide "whether the process accorded the Plaintiff[] was sufficient." *Cassidy v. Scoppetta*, 365 F. Supp. 2d 283, 286 (E.D.N.Y. 2005) (citing *Mathews v. Eldridge*, 424 U.S. 319, 332–33 (1976)). "Substantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." *Lowrance v. Achtyl*, 20 F.3d 529, 537 (2d Cir. 1994) (citations omitted).

Claims under 42 U.S.C. § 1983 for false arrest and false imprisonment are considered claims under the Fourth Amendment.[4] *See Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996) (noting that a § 1983 claim for false arrest "rest[s] on the Fourth Amendment right of an individual to be free from unreasonable seizures"); *Russo v. City of Bridgeport*, 479 F.3d 196, 212 (2d Cir. 2007) (explaining that a false imprisonment claim should be treated under the

---

[4] Because these claims are against state, not federal, officers, the Fourth Amendment applies by way of the Fourteenth Amendment. *See Mapp v. Ohio*, 367 U.S. 643, 650, 655 (1961) (incorporating Fourth Amendment's right against unreasonable search and seizure against the states).

Fourth Amendment, rather than under substantive due process). The Fourth Amendment governs searches of a residence, including searches by parole officers. *See United States v. Newton*, 369 F.3d 659, 664–65 (2d Cir. 2004).

Here, Plaintiff alleges that Defendants unlawfully entered his residence and detained him. (Dkt. No. 1, at 5–6). Plaintiff also alleges that Defendants' unlawful entry caused him "to have an anxiety attack while . . . having knowledge of [his] mental health status." (*Id*.). These allegations are better viewed under the rubric of the Fourth Amendment, as opposed to procedural or substantive due process. *See Conn v. Gabbert*, 526 U.S. 286, 293 (1999) (explaining that "where another provision of the Constitution 'provides an explicit textual source of constitutional protection,' a court must assess a plaintiff's claims under that explicit provision and 'not the more generalized notion of substantive due process'" (quoting *Graham*, 490 U.S. at 395)). Further, whether these allegations sufficiently state a claim for false arrest, false imprisonment, or illegal search and seizure is not before this Court, as Defendants have not moved to dismiss Plaintiff's Fourth Amendment claim. (*See* Dkt. No. 27-1, at 3 n.2). Accordingly, to the extent Plaintiff brings a procedural or substantive due process claim under the Fourteenth Amendment that is separate from his Fourth Amendment claim, such a claim is dismissed.

## V.  LEAVE TO AMEND

Defendants seek partial dismissal of the Complaint with prejudice. (Dkt. No. 27-1, at 6). In general, "[w]hen a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15 (a) (2) ("The court should freely give leave when justice so requires."). A court may deny the opportunity to amend when the amendment is futile. *Lucente v. Int'l Bus. Machs. Corp.*,

310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss").

Plaintiff's claims under the Fifth and Ninth Amendments cannot be remedied by further amendment because: (i) Defendants are not federal officials, *see Dellate v. Great Neck Union Free Sch. Dist.*, No. 09-cv-2567, 2010 WL 3924863, at *16, 2010 U.S. Dist. LEXIS 105015, at *53-54 (E.D.N.Y. 2010) (dismissing with prejudice the plaintiff's Fifth Amendment claims because "there are no circumstances under which Plaintiff could bring a Fifth Amendment claim against any of the named Defendants . . . because they are not federal actors"); and (ii) the Ninth Amendment does not provide Plaintiff with a right of action, *Jendrzejczak v. Williams*, No. 13-cv-1239, 2014 WL 2533041, at *10, 2014 U.S. Dist. LEXIS 77240, at *24 (recommending dismissal of the plaintiff's Ninth Amendment claim with prejudice), *report and recommendation adopted*, 2014 WL 2533041, 2014 U.S. Dist. LEXIS 77426 (N.D.N.Y 2014). Because any amendment would be futile, Plaintiff's Fifth and Ninth Amendment claims against Defendants are dismissed with prejudice. Further, as discussed above, Plaintiff's claims fall within the Fourth Amendment (as incorporated by the Fourteenth Amendment), not the Due Process Clause of the Fourteenth Amendment. Finally, although the Eighth Amendment is not a viable theory of liability based on the presently alleged facts, in light of Plaintiff's pro se status, the Court will permit Plaintiff leave to amend to seek to remedy the pleading deficiencies; therefore, leave to amend is granted as to that claim only.

In any amended complaint, Plaintiff must clearly set forth the facts that give rise to the claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in the constitutional

deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (internal quotation marks omitted)).

## VI. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 27) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's claims under the Fifth and Ninth Amendments, as well as his claim, if any, under the Due Process Clause of the Fourteenth Amendment, are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's claim under the Eighth Amendment is **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff may **amend the Complaint within THIRTY (30) days** of the date of this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk of Court shall serve a copy of this Memorandum-Decision and Order in accordance with the Local Rules along with copies of the unpublished decisions cited herein.

**IT IS SO ORDERED.**

Dated: November 1, 2018
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge